Williams *v.* Ledsinger.

WILLIAMS AND WIFE *v.* LEDSINGER'S EXECUTRIX.

1. PLEADING. *Set-off.* The plea of set-off being in the nature of a cross action must be put in issue by replication or otherwise. · The word "issue," without more, cannot be construed as a substitute for a formal replication to the plea of set-off.

2. VERDICT. *Set-off.* If the verdict of the jury does not show that plaintiff recovers something from the defendant, the defendant can have no judgment on his plea of set-off against plaintiff. (Changed now by act of 1879, ch. 222.—ED.)

Cases cited: E. T. & V. R. R. Co. *v.* Galbreath, 1 Heis., 482; Brazelton *v.* N. & N. R. R. Co., 3 Head, 570.

Code cited: Sec. 2922.

FROM DYER.

Appeal from the Circuit Court. G. B. BLACK, Judge.

TURNEY and CARDWELL for complainants.

LATTA & RICHARDSON for defendant.

DEADERICK, J., delivered the opinion of the court.

This action of debt upon an account due to plaintiff's wife was begun in the Circuit Court of Dyer county in January, 1868, against C. H. Ledsinger, and upon his death was revived against Nancy T. Ledsinger, his executrix.

The defendant pleaded that there is not due from defendant to plaintiffs the sum of $500 as claimed, or any other sum. Also that the debt claimed had been

paid, and lastly a set-off for various accounts and sums due defendant's testator.

The plea of set-off being in the nature of a cross action must be put at issue by replication or otherwise. There is no replication to the plea of set-off, and nothing in the record showing that issue had been taken upon it, unless the word "issue" found at the end of the plea has that effect.

There are no signatures of counsel after the word "issue," indicating that it was intended as a substitute for more formal pleading. We do not think that, in the utmost liberality allowable, the word "issue" can be construed a substitute for a formal replication and issue thereon.

The cause was submitted to a jury under the charge of the court, and the record shows that the "parties, by their attorneys, came, and also the jury," etc., "who on their oaths do say that they find for the defendant the sum of ten cents, which ten cents the defendant remits. Thereupon judgment was rendered against plaintiffs and their surety for costs.

In his charge to the jury his honor, the Circuit Judge, stated to them, that there were three pleas upon which defendant relied, *nil debit,* payment and set-off.

Much of the evidence admitted was admissible only under the plea of set-off, and from the verdict and charge it is manifest that the jury founded their verdict chiefly upon the evidence applicable to this plea. Even if the plea had been regularly replied to, still the verdict is fatally defective. It should show that

Williams *v.* Ledsinger.

the jury found that there was something due plaintiffs, and that there was a larger sum due to defendant, and the verdict for defendant should be for the excess. If the verdict does not show that plaintiffs recover something from the defendant, the defendant can have no judgment on his plea of set-off against plaintiffs. Code, sec. 2922; 1 Heis., 482; 3 Head, 570.

Inasmuch as we can see from the record that the verdict was founded under the charge of the court upon a supposed issue, upon the plea of set-off, when in fact there was no such issue, and that the charge was calculated to mislead and probably did mislead the jury, by requiring them to respond to an issue not made in the pleading.

We hold that the charge was erroneous upon the pleadings, and reverse the judgment snd remand the cause with leave to make up proper issue for another trial.